## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK WHITE and
DOUGLAS MATSEY-BEY,

               Plaintiffs,               Case No. 2:25-cv-13598

v.                                   Hon. Brandy R. McMillion
                                   United States District Judge

MICHIGAN DEP'T OF CORR.,
HEIDI WASHINGTON, and
VITAL CORE HEALTH STRATEGIES,

               Defendants.

_____/

### OPINION & ORDER SEVERING PLAINTIFF MATSEY-BEY'S CASE FROM PLAINTIFF WHITE'S CASE, DISMISSING WITHOUT PREJUDICE MATSEY-BEY'S COMPLAINT (ECF NO. 1), DENYING WHITE'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2) & DISMISSING WITHOUT PREJUDICE WHITE'S COMPLAINT (ECF NO. 1), & DENYING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL (ECF NO. 4)

This action is a *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Religious Land Use and Institutionalized Persons Act, as well as state law. Plaintiffs are two Michigan prisoners, Mark White ("White") and Douglas Matsey-Bey ("Matsey-Bey"), who are currently confined at the Macomb Correctional Facility in Lenox Township, Michigan. *See generally* ECF No. 1. In the complaint, which consists of a common recitation of the parties, jurisdiction, venue,

1

causes of action, and relief, but distinct statements of fact and claims, Plaintiffs challenge MDOC's policies for impoverished prisoners and White raises, on his own, claims concerning his lack of prosthetic teeth, prison store access, the mailing system for grievances, the removal of memory typewriters, the reimbursement process for stolen items, the Class II prison misconduct system, and the prison grievance policy.  *See* ECF No. 1.  Plaintiffs name the Michigan Department of Corrections ("MDOC"), MDOC Director Heidi Washington, and Vital Core Health Strategies as defendants seeking injunctive relief against all defendants and monetary damages against Defendant Washington.  *Id.*

Plaintiffs have not paid the $350.00 filing fee and the $55.00 administrative fee for this federal civil action, but they have submitted applications to proceed without prepayment of the filing fee.   ECF Nos. 2, 3.

## I.      Severance & Dismissal of Matsey-Bey's Complaint

Federal Rule of Civil Procedure 21 provides the Court with the authority to *sua sponte* dismiss or sever parties and/or claims in a civil action due to misjoinder. Specifically, Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21; *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its

own initiative at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Federal Rule of Civil Procedure 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). And under Rule 20(a)(2) provides, "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Notwithstanding Rule 20(a), there are significant practical problems with allowing two or more prisoners to file a joint complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even

if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, 2008 WL 2512916, *5 (D. N.J. June 23, 2008)). Some of the problems that arise from multiple-plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*. (quoting *Boretsky*, 2008 WL 2512916 at *5). Allowing multiple prisoners to proceed as plaintiffs in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, 2008 WL 680203, *1 (E.D. Wis. March 10, 2008)). Multiple-plaintiff prisoner cases can often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id*. Furthermore, prison and jail populations "are notably transitory, making joint litigation difficult." *Id*. (quoting *Boretsky*, 2008 WL 2512916 at *5).

Courts have also cited the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)" as a reason for disfavoring multiple-plaintiff prisoner litigation. *Proctor*, 661 F. Supp. 2d at 780 (citing cases). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id*. (quoting *Boretsky*, 2008 WL 2512916

4

at *6).  Furthermore, to the extent that mediation of any of Plaintiffs' issues became warranted, this District's Prisoner Pro Se Mediation Program "is primarily set up to resolve *individual* prisoner cases against employees of the Michigan Department of Corrections."  *Simons v. Palmer*, No. 2:23-CV-10654, 2023 WL 3026694 (E.D. Mich. Apr. 20, 2023) (emphasis added).

In this case, several of the foregoing concerns are relevant.  First, while Plaintiffs are currently confined at the Macomb Correctional Facility, there is no guarantee that they will both remain at that facility for the duration of the case. Second, while Plaintiffs have some common claims, there may be factual distinctions as to those issues.  Moreover, White has several additional claims that would involve supplementary facts and legal issues which are not relevant to Matsey-Bey.  Third, there may be necessary inquiries as to each Plaintiff's individual efforts and ability to exhaust administrative remedies on their claims. Fourth, the potential to mediate the case, if it were deemed eligible for mediation, is uncertain under the existing circumstances.

Discretely, this case also has filing fee complexities.  The filing fee for a civil action in federal court is $350.00, 28 U.S.C. § 1914(a), and the Court imposes a $55.00 administrative fee for a total fee of $405.00.  Under the Prison Litigation Reform Act of 1995 ("PLRA"), if a prisoner lacks sufficient funds and seeks to proceed *in forma pauperis*, the prisoner must file an affidavit of indigence and a

5

certified trust account statement for the six-month period immediately preceding the filing of the case.   28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), overruled on other grounds, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).   Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that fees and costs should be divided equally among the plaintiffs.   *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1137-1138 (6th Cir. 1997).

In this case, each Plaintiff has applied to proceed without prepayment of fees. *See* ECF Nos. 2, 3.   While Matsey-Bey appears to be eligible to proceed *in forma pauperis*, White is a three-striker who is not eligible to proceed without prepayment of the filing fee.   *See* discussion *infra*.   Consequently, the fee assessment in this case is complicated and could result in delayed or bifurcated litigation.

Lastly, Federal Rule of Civil Procedure 4 requires that service copies be provided by the plaintiff.   *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff ... shall furnish the person effecting service with the necessary copies of the ... complaint").   In this case, Plaintiffs have not submitted copies for service on the defendants.

Given the general limitations with multiple-plaintiff prisoner litigation and the particular difficulties present here, the Court finds that it is appropriate to sever Matsey-Bey's case from White's case and to dismiss Matsey's complaint without prejudice to file his own case if he so chooses.   The Court makes no determination

6

as to the merits of Matsey-Bey's complaint or his application to proceed *in forma pauperis*.

## II.    Denial of White's IFP Application & Dismissal of his Complaint

"Ordinarily, a federal litigant who is too poor to pay court fees ... may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915).   Under the PLRA, however, a litigious prisoner may be precluded from proceeding without prepaying the filing fee in a civil action under certain circumstances.   The statute provides, in relevant part,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Simply put, a prisoner "become[s] ineligible to file free lawsuits if the courts have dismissed three or more of their lawsuits as frivolous, malicious, or [for] fail[ure] to state a claim."   *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (cleaned up).   Nonetheless, an exception to the "three strikes" rule applies to prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that White has filed at least three prior civil actions which

7

have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See White v. Caruso,* No. 1:08-cv-00080 (W.D. Mich. Feb. 14, 2008) (adopting R&R); *White v. Caruso*, No. 1:08-cv-10057 (E.D. Mich. March 17, 2008); *White v. Nichols*, No. 2:94-cv-75266 (E.D. Mich. July 19, 1996) (adopting R&R). While White asserts that one or more of those cases should not count as strikes following the Sixth's Circuit's decision in *Crump v. Blue*, 121 F.4th 1108, 1111 (6th Cir. 2024) (ruling that only cases where all of the claims are dismissed as frivolous or for failure to state a claim count as strikes), his arguments are unavailing. *See White v. Mosely*, No. 1:25-cv-12570, 2025 WL 3079975, *1-2 (E.D. Mich. Nov. 4, 2025) (relying on White's prior cases to find that he remains a three-striker, denying his application to proceed without prepayment of the filing fee, and dismissing without prejudice his complaint), mot. for relief from judg. den., 2025 WL 3565141 (E.D. Mich. Dec. 12, 2025). Consequently, White *is* a "three-striker" who cannot proceed without prepayment of the filing fee unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

To fall within this exception, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury exists at the time the complaint was filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-798

---

[1] White has been denied permission to proceed without prepayment of the filing fee due to his three-strike status on numerous occasions, including at least once since *Crump* was decided. *See White*, 2025 WL 3079975 at *1 (citing cases and denying permission).

(6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).   An assertion of past danger is insufficient, as is a general assertion of the potential for future harm.   *Id.*; *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of §1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").   Additionally, the type of physical injury alleged must "have potentially dangerous consequences such as death or severe bodily harm."   *Gresham*, 938 F.3d at 850.

White neither alleges nor establishes that he is under imminent danger of serious physical injury.   *See generally* ECF No. 1.   His claim concerning the lack of prosthetic teeth does not meet the standard.   *See Smith v. Sapp*, 46 F. App'x 341, 342 (6th Cir. 2002) (holding that plaintiff's claim that prison officials failed to provide him with dentures at state expense did not fall within the imminent danger exception of § 1915(g)); *White v. Washington*, No. 24-10550, 2024 WL 1076801, *2 (E.D. Mich. Mar. 12, 2024) (reaching the same conclusion as *Smith*, as to White himself).   Because White cannot show that he falls within the exception to the rule, he remains a three-striker who is not allowed to proceed *in forma pauperis*, and his complaint is dismissed as a result.

* * *

For the stated reasons, the Court severs Matsey-Bey's case from this action and **DISMISSES** his complaint (ECF No. 1) **WITHOUT PREJUDICE.**

Further, the Court **DENIES** White's application to proceed without prepayment of the filing fee (ECF No. 2) and **DISMISSES** his complaint (ECF No. 1) **WITHOUT PREJUDICE**.[2]

The Court further **DENIES** as **MOOT** the pending motion for class certification and appointment of counsel (ECF No. 4).

**IT IS SO ORDERED**.

*This is a final order that closes the case.*

Dated: April 7, 2026                          s/Brandy R. McMillion
Detroit, Michigan                             Hon. Brandy R. McMillion
                                              United States District Judge

---

[2] Should White wish to proceed with his claims, he must file a new complaint with an upfront payment of the required filing and administrative fees for a civil action.

10